UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CATHERINE M.[1] o/b/o D.M.,

                                        Plaintiff,          Case # 20-cv-00445

v.                                                          DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.

## INTRODUCTION

On August 29, 2016, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act") on behalf of her minor son ("D.M."). Tr. 91.[2] The Social Security Administration ("SSA") denied the claim and Plaintiff and D.M. appeared at a hearing before Administrative Law Judge Stephen Cordovani (the "ALJ") on December 6, 2018. Tr. 31. At the hearing, Plaintiff and D.M. testified. Tr. 31-82. On December 24, 2018, ALJ Cordovani issued an unfavorable decision. Tr. 12-25. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1-3. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 14, 15. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the case is remanded for further proceedings.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only her first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 11.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

## LEGAL STANDARD

### I.      District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II.     Child Disability Standard

An individual under 18 years old will be considered disabled if he or she has a medically determinable physical or mental impairment that results in marked and severe functional limitations that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. § 1382c(a)(3)(C)(i).

The Commissioner must follow a three-step process to evaluate child disability claims. *See* 20 C.F.R. § 416.924.  At step one, the ALJ determines whether the child is engaged in substantial gainful work activity. *Id.* § 416.924(b).  If so, the child is not disabled.  If not, the ALJ proceeds to step two and determines whether the child has an impairment or combination of impairments that is "severe," meaning that it causes "more than minimal functional limitations." *Id.* § 416.924(c).  If the child does not have a severe impairment or combination of impairments, he or she is not disabled.  If the child does, the ALJ continues to step three.

At step three, the ALJ examines whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.924(d). If the child's impairment meets or medically or functionally equals the criteria of the Listings, he or she is disabled.

To determine whether an impairment or combination of impairments functionally equals the Listings, the ALJ assesses the child's functioning in six domains: (1) Acquiring and Using Information; (2) Attending and Completing Tasks; (3) Interacting and Relating with Others; (4) Moving About and Manipulating Objects; (5) Caring for Yourself; and (6) Health and Physical Well-Being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). To functionally equal the Listings, the child's impairment(s) must cause "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* § 416.926a(a). A child has a marked limitation in a domain when his or her impairment(s) "interferes seriously" with the ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(2)(i). A child has an extreme limitation in a domain when his or her impairment(s) "interferes very seriously" with the ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(3)(i).

## DISCUSSION

### I.     The ALJ's Decision

The ALJ analyzed D.M.'s benefits application under the process described above. At step one, the ALJ found that D.M. had not engaged in substantial gainful activity since August 29, 2016, the date of the disability application. Tr. 15. At step two, the ALJ found that D.M. suffers from autism spectrum disorder, auditory processing disorder, expressive and receptive language disorder, learning disability, and asthma, all of which the ALJ deemed severe impairments. *Id.* At

step three, the ALJ found that the impairments, alone or in combination, do not meet or medically

equal a Listings impairment.  Tr. 15-16.

Next, the ALJ found that D.M.'s impairments, alone or in combination, do not functionally

equal a Listings impairment.  Tr. 16-24.  Specifically, as to the six domains of functioning, the

ALJ found that D.M. had a marked limitation in attending and completing tasks but less than a

marked limitation in all other areas.  *Id.*  Therefore, the ALJ concluded that D.M. has not been

disabled since the date the application was filed.  Tr. 25.

## II.     Analysis

Plaintiff, on behalf of D.M., argues that the ALJ's decision should be remanded because

(1) the ALJ failed to develop the record with missing education records and (2) the ALJ's finding

in the domain of caring for oneself was not supported by substantial evidence.  ECF No. 14-1 at

1.  Because the Court agrees with Plaintiff's first argument it does not address Plaintiff's second

argument.

Plaintiff asserts that the ALJ failed to fully develop the record with missing education

records.  *Id.* at 8.  Specifically, the record did not contain any "progress reports, report cards,

discipline reports, teacher reports, career plans, or transition assessments," *id.* at 9, or any

education records from the 2016-2017 and 2017-2018 school years, *id.* at 10.  In response, the

Commissioner asserts that because the available evidence is consistent and sufficient to determine

whether D.M. is disabled, further development of the record is not necessary.  ECF No. 15-1 at 10.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ

generally has an affirmative obligation to develop the administrative record."  *Perez v. Chater*, 77

F.3d 41, 47 (2d Cir. 1996).  This includes the duty "to investigate and develop the facts and develop

the arguments both for and against the granting of benefits."  *Butts v. Barnhart*, 388 F.3d 377, 386

Case 1:20-cv-00445-FPG   Document 20   Filed 08/23/21   Page 5 of 7

(2d Cir. 2004).  The responsibility of the ALJ to fully develop the record exists even where, as here, a plaintiff is represented by counsel.  *See Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009); *Perez*, 77 F.3d at 47.  This duty is particularly important where the records are "central to the disability determination."  *Carr v. Comm'r of Soc. Sec.*, No. 16 Civ. 5877, 2017 WL 1957004, at *10 (S.D.N.Y. May 11, 2017).

In the case of applications for a child's SSI benefits, the Commissioner's regulations "expressly provide that, if the claimant is in school . . ., the Administration 'will ask [claimant's] teacher(s) about [claimant's] performance in [claimant's] activities throughout [the] school day. [The Administration] will consider all the evidence [it] receive[s] from [claimant's] school, including teacher questionnaires, teacher checklists, group achievement testing, and report cards.'" *Price ex rel A.N. v Astrue*, 42 F. Supp. 3d 423, 434 (E.D.N.Y. 2014) (quoting 20 C.F.R. §§16.924a(b)(7)(ii)); *see also Abrams v. Comm'r of Soc. Sec.*, No. 13-CV-5568, 2016 WL 614683, at *9 (E.D.N.Y. Feb. 16, 2016) ("In a case involving a school-age child, an ALJ's obligation to develop the administrative record includes an obligation to obtain information about how the claimant is functioning in school and any related educational reports.") (further discussing that 20 C.F.R § 416.924a(a)(2)(iii) provides that "[i]f you go to school, we will ask for . . . any reports that the school may have that show the results of formal testing or that describe any special education instruction or services, including . . ., any accommodations provided in a regular classroom").  An ALJ's failure to fully develop a school-age plaintiff's educational record warrants remand.  *See Price*, 42 F. Supp. 3d at 434 (remanding in part because the ALJ did not fully develop the educational record); *Caldwell o/b/o J.W. v. Berryhill*, 2018 WL 1081009, at *3 (W.D.N.Y. Feb. 28, 2018) (remanding where the ALJ failed to develop the record to include school transcripts and

records from relevant school years, despite the fact that Plaintiff's counsel did not indicate additional records were necessary).

While the Court recognizes—as the Commissioner points out—that there are numerous documents from D.M.'s school in the administrative record, the missing records from the 2016-2017 and 2017-2018 school year and the lack of various educational records such as progress reports and teacher reports are significant and particularly concerning. Indeed, the absence of full education records could affect the analysis in this case. The ALJ made findings regarding D.M.'s ability to care for himself, based on 2015 school records indicating that D.M. participated in class discussions and volunteered responses, Tr. 272, and a 2018 IEP indicating that D.M. was comfortable interacting with teachers, Tr. 364, and was comfortable asking questions or clarifying an assignment. *Id.* Additionally, the ALJ concluded based on the testimony at the hearing that D.M. is not dependent on others for toileting, bathing, or dressing. *See* Tr. 24. However, records from the two missing school years—his first two years of high school—as well as additional primary source notes such as those from teachers, may have provided additional and more current information as to D.M.'s functioning on a day-to-day basis, and may have indicated a more severe impairment on this, or any other of D.M.'s functioning in the other five domains. There is a clear evidentiary gap.

This error is plainly not harmless. With two years of educational records absent from the administrative record, this Court cannot determine whether the ALJ's allocation of significant weight assigned to the functional assessment of Belinda Clifford, for example, is truly "consistent with the multiple findings of record." Tr. 18. Remand is required for further development of the administrative record. *See Rodriguez o/b/o A.L.R. v. Comm'r of Soc. Sec.*, No. 16-CV-883, 2018 WL 3237732, at *3 (W.D.N.Y. July 3, 2018) (remanding a case for further development of the

record where numerous years of claimant's educational record was missing from the administrative record).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 14, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 15, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 23, 2021
      Rochester, New York

                         HON. FRANK P. GERACI, JR.
                         United States District Court
                         Western District of New York